WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

GREGORY M. NESPOLE
212·545·4657
FAX 212·~~~~~~~
NESPOLE@~~~~~~~

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET · SUITE 2770
SAN DIEGO, CA 92101

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603

*[Handwritten stamp box:]*
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

June 17, 2008

*[Handwritten annotations across the page]*

**Via Hand Delivery**

Honorable Robert W. Sweet
United States District
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

Re:     *Bransbourg v. The Bear Stearns Companies Inc. et al.,*
        **1:08-cv-05054-UA**

Dear Judge Sweet:

We are counsel to plaintiffs in the action styled *Bransbourg v. The Bear Stearns Companies Inc. et al.,* 1:08-cv-05054-UA, (the "*Bransbourg Action*"). The *Bransbourg Action* was filed on June 2, 2008, and was referred to Your Honor as potentially related to the action styled *Eastside Holdings, Inc. v. The Bear Stearns Companies Inc., et al.,* 08-cv-2793 (RWS) ("*Eastside Holding Action*") that is also pending before Your Honor.

For the reasons detailed below, we believe that the *Bransbourg Action* should not be consolidated with *Eastside Holding Action* and the several nearly identical cases that were filed in the wake of the *Eastside Holding Action,* each parroting the same claims on behalf of the same class.

As stated below, the *Bransbourg Action* asserts different claims on behalf of a significantly different class and those claims may very well conflict with the claims asserted in the *Eastside Holding Action*.

The *Bransbourg Action* asserts claims on behalf of all former and present employees of Bear Stearns Companies Inc. ("Bear Stearns" or the "Company") whose compensation was, in part, received in the form of restricted stock units ("Restricted Stock Units") pursuant to the Bear Stearns' Restricted Stock Unit Plan (the "RSU Plan") and/or capital accumulation plan units ("CAP Units") pursuant to the Capital Accumulation Plan (the "CAP Plan"), and whose rights to either Restricted Stock Units and/or CAP Units were vested, thus providing them a present

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Honorable Robert W. Sweet
June 17, 2007
Page 2

entitlement to be paid and/or credited an equivalent number of shares of Bear Stearns common stock upon settlement at the end of a deferral period (the "Class").[1]

In contrast, *Eastside Holdings* is a prototypical fraud on the market case brought on behalf of Bear Stearns *common stock purchasers* in the wake of the Company's precipitous decline, not exclusively on behalf of former and present Bear Stearns employees who were participants in the Company's equity compensation plans. Thus, while there is some factual overlap between the *Bransbourg Action* and the *Eastside Holding Action*, the classes are not identical and, in many respects, at odds.

Importantly, there is the potential for a conflict to arise during motions to dismiss and class certification. Specifically, defendants are likely to raise defenses on their motions to dismiss that will pit the interests of common stockholders against our clients – former and present employees of Bear Stearns. Indeed, counsel for the non-employee, open market purchasers may be reluctant to assert certain arguments in defense of the claims of the employee holders of vested Restricted Stock Units or CAP Units out of concern that said positions would prejudice their claims. Also, there is the very real possibility that the class in the *Eastside Holding Action* must exclude the members of the Class in the *Bransbourg Action* given that they are former and current employees, subject to defenses and other issues that counsel for plaintiffs in the *Eastside Holding Action* are not interested in litigating or protecting.

At the end of last week, counsel in the *Bransbourg Action* learned that The State of Michigan Retirement Systems ("SMRS") may be presumptively the most adequate lead plaintiff of all the applicants seeking appointment as lead plaintiff in the *Eastside Holding Action*. We learned this on June 11, 2008, when counsel for SMRS served us with a Reply Memorandum in support of their application seeking its appointment and the concomitant selection of lead counsel. The Reply, which they served without even contacting us beforehand, also sought to consolidate the *Bransbourg Action* without filing a motion for consolidation. We believe this is procedurally flawed since it does not allow for proper briefing of the issue and does not address any of the conflict issues. We have been in contact with counsel for SMRS in an attempt to resolve these issues. They, however, declined to discuss a briefing schedule with us. Moreover, although we raised the issue with SMRS' counsel as to his client's willingness to assume a fiduciary obligation to the *Bransbourg* Class, they have not agreed to assume that obligation going forward, thus magnifying the conflict issue.

---

[1] The Class in the *Bransbourg Action* excludes defendants James E. Cayne, Alan D. Schwartz, Warren J. Spector, Samuel L Molinaro, Jr. and Alan C. Greenberg

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Honorable Robert W. Sweet
June 17, 2007
Page 3

Accordingly, plaintiffs in the *Bransbourg Action* respectfully request that Your Honor direct:

- a. counsel in the *Bransbourg Action* and the *Eastside Holding Action* agree to and submit a briefing schedule to Your Honor to resolve whether the *Bransbourg Action* should be consolidated or merely coordinated with the *Eastside Holding Action*; or

- b. a status conference during which the Court will either address this issue and direct a briefing schedule.

Respectfully submitted,

Gregory Mark Nespole

cc:     J. Michael McMahon, Clerk of the Court (By Hand)
        All counsel on the attached service list (By Email)

GMN:mns

/513111