UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

EASTSIDE HOLDINGS INC., Individually and     :
on Behalf of All Others Similarly Situated,     :

                                                :

                                Plaintiff,      :

                                                :  Civil Action No.: 1:08-cv-02793 (RWS)

                v.                              :

                                                :

THE BEAR STEARNS COMPANIES INC.,              :
JAMES E. CAYNE, ALAN D. SCHWARTZ,             :
WARREN J. SPECTOR, SAMUEL L.                  :
MOLINARO, JR. and ALAN C. GREENBERG,          :

                                                :

                                Defendants.     :

                                                :

---------------------------------------------------------------x

*(Caption continued on following pages)*

# MEMORANDUM OF LAW OF GILLES BRANSBOURG
# IN OPPOSITION TO THE MOTION TO CONSOLIDATE

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Daniel W. Krasner
Gregory Mark Nespole
Malcolm T. Brown
270 Madison Avenue
New York, NY 10016
(212) 545-4600

*Counsel to Giles Bransbourg*

```
-------------------------------------------------------------------X
RAZILL C. BECHER, Individually and on Behalf   :
of All Others Similarly Situated,              :
                                               :
                            Plaintiff,         :
                                               :    Civil Action No.: 1:08-cv-02866 (RWS)
                v.                             :
                                               :
                                               :
THE BEAR STEARNS COMPANIES INC.,               :
JAMES E. CAYNE, ALAN D. SCHWARTZ,              :
WARREN J. SPECTOR, SAMUEL L.                    :
MOLINARO, JR. and ALAN C. GREENBERG,           :
                                               :
                            Defendants.        :
-------------------------------------------------------------------X
GREEK ORTHODOX ARCHDIOCESE                      :
FOUNDATION, by and through, GEORGE             :
KERITSIS, TRUSTEE, Individually and on         :
Behalf of All Others Similarly Situated,       :
                                               :
                            Plaintiff,         :
                                               :    Civil Action No.: 1:08-cv-03013 (RWS)
                v.                             :
                                               :
                                               :
THE BEAR STEARNS COMPANIES INC.,               :
JAMES E. CAYNE, ALAN D. SCHWARTZ,              :
WARREN J. SPECTOR, and SAMUEL L.               :
MOLINARO, JR. and ALAN C. GREENBERG,           :
                                               :
                            Defendants.        :
-------------------------------------------------------------------X
FREDERICK S. SCHWARTZ, Individually and        :
on Behalf of All Others Similarly Situated     :
Persons,                                        :
                                               :
                            Plaintiff,         :
                                               :    Civil Action No.: 1:08-cv-04972 (RWS)
                v.                             :
                                               :
THE BEAR STEARNS COMPANIES, JAMES              :
E. CAYNE, ALAN D. SCHWARTZ and                 :
SAMUEL L. MOLINARO, JR.,                        :
                                               :
                            Defendants.        :
-------------------------------------------------------------------X
```

```
-----------------------------------------------------------------x
GILLES BRANSBOURG, Individually and         :
on Behalf of All Others Similarly Situated, :
                                            :
                                            :
                    Plaintiff,              :
                                            : Civil Action No.: 1:08-cv-05054 (RWS)
            v.                              :
                                            :
THE BEAR STEARNS COMPANIES INC.,            :
JAMES E. CAYNE, ALAN D. SCHWARTZ,           :
WARREN J. SPECTOR, SAMUEL L.                :
MOLINARO, JR. and ALAN C. GREENBERG,        :
                                            :
                    Defendants.             :
                                            :
-----------------------------------------------------------------x
```

Gilles Bransbourg, by his counsel, submits this memorandum of law in opposition to the motion of the State of Michigan Retirement Systems ("SMRS") for consolidation, pursuant to Federal Rule of Civil Procedure 42(a), of the action entitled *Bransbourg v. The Bear Stearns Companies, et al.,* Civil Action No. 1:08-cv-05054 (the "Bransbourg Action") with the other above-captioned actions (collectively, the "Common Stock Purchaser Actions").

## PRELIMINARY STATEMENT

The only issue presented on this motion is whether the Bransbourg Action should be consolidated with the Common Stock Purchasers Action. Mr. Bransbourg submits it would be error to do so because SMRS is unable to adequately represent the interests of the Bransbourg Class (defined below). While the claims asserted in the Bransbourg Action and the Common Stock Purchaser Actions arise out of Defendants' similar course of conduct, extant differences between the Bransbourg Action and the Common Stock Purchaser Actions reveal conflicts sufficient to cast substantial doubt on the ability of SMRS to zealously represent the interests of the Bransbourg Class. Moreover, the refusal by SMRS' counsel to assume a direct and discreet fiduciary obligation to the Bransbourg Class confirms that it will be manifestly prejudiced by the

consolidation of the Bransbourg Action with the Common Stock Purchaser Actions, and with SMRS serving as lead plaintiff over the Bransbourg Class.

Accordingly, consolidation of the Bransbourg Action with the Common Stock Purchaser Actions should be denied.

## THE BRANSBOURG ACTION

The Bransbourg Action is a unique securities class action prosecuted on behalf of all current and former employees of The Bear Stearns Companies Inc. ("Bear Stearns" or the "Company"), other than specific Defendants who were:

(a)    compensated in part, by Restricted Stock Units ("RSUs") and/or capital accumulation plan units ("CAP Units");

(b)    in connection with their participation in the Company's Restricted Stock Unit Plan (the "RSU Plan") and/or Capital Accumulation Plan (the "CAP Plan"); and

(c)    whose rights had vested under the terms of the plans, thus providing them with a present entitlement to be paid and/or credited an equivalent number of shares of Bear Stearns's common stock at the end of a specified deferral period (the "Bransbourg Class").[1]

Simply stated, the RSUs and CAP Units constituted non-cash compensation under the Company's equity compensation plans to retain the services of both key employees and executives. *See* Nespole Decl., Exhibits B (RSU Plan) and C (CAP Plan). The members of the Bransbourg Class thus received equity interests in Bear Stearns, through restricted stock issuances, in lieu of cash compensation. The claims in the Bransbourg Action seek to recover

---

[1] *See* Exhibit A (Complaint) to the July 18, 2008 Declaration of Gregory M. Nespole ("Nespole Decl."), ¶¶ 1, 26, 85.

damages for fraud, which caused members of the Bransbourg Class "to receive, as participants in the RSU Plan and the CAP Plan, Bear Stearns stock at artificially inflated prices." *Id.*, Exhibit A, ¶ 35(c); *cf.* Plaintiff's Certification, ¶¶ 4-5.

## ARGUMENT

### I.    THE BRANSBOURG ACTION SHOULD NOT BE CONSOLIDATED WITH THE COMMON STOCK PURCHASER ACTIONS

SMRS asserts that consolidation of the Bransbourg Action with the Common Stock Purchaser Actions is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure because all of the actions involve common questions of law and facts that arise from the same facts and circumstances. *See* SMRS Memorandum at 1. This is a myopic interpretation of Rule 42. The actual standard under Rule 42 balances judicial efficiency against fairness to the parties. Accordingly, "[w]hen a court is presented with securities actions in which the complaints are based on the same 'public statements and reports,' consolidation is appropriate if the actions present question of law and fact *and if the parties will not be prejudiced.*" *Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007), *citing Werner v. Saterlee, Stephens, Burke & Burke,* 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (emphasis added). *Accord Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N. Y 2001), *quoting Werner, supra.* In consequence, "'each case in which it may appear to be desirable to consolidate complaints in different actions must be evaluated on its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties.'" *Werner,* 797 F. Supp. at 1211, *quoting Katz v. Realty Equities Corp.,* 521 F.2d 1354, 1360 (2d Cir. 1975).

The required examination of the Bransbourg Action establishes that the inevitable prejudice to the Bransbourg Class outweighs the benefits of consolidation. The examination further demonstrates prejudice, in the form of inherent conflicts, will arise if SMRS is allowed to

serve as lead plaintiff over the Bransbourg Class. Accordingly, consolidation of the Bransbourg Action with the Common Stock Purchaser Actions is inappropriate and unjustified.

## II.    SMRS MAY NOT SERVE AS LEAD PLAINTIFF OVER THE CLAIMS OF THE BRANSBOURG CLASS

A host of reasons demand that SMRS not serve as lead plaintiff over the Bransbourg Class' claims. These reasons are found in the very text of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which precludes SMRS from representing the Bransbourg Class, the existence of unique defenses that the Bransbourg Class may have to confront, including issues concerning damages calculations, and other considerations under Rule 23 of the Federal Rules of Civil Procedure that demonstrate that SMRS has irreconcilable conflicts rendering it unable to adequately protect the interests of the Bransbourg Class.

### A.    The PLSRA Requires That The Bransbourg Class Be Represented By A Separate Lead Plaintiff And Not Subject To Consolidation

The PSLRA, codified at 15 U.S.C. § 78u-4(a)(3)(B), section 21D(a)(3)(B) of the Securities Exchange Act (the "Exchange Act"), states that a court "shall appoint as lead plaintiff the member or members of the purported class the court determines to be most capable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(i). Moreover, the putative lead plaintiff must demonstrate that it "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, on the face of the statute, the putative lead plaintiff must be a member of the proposed class or it is *prima facie* inadequate.

Here, SMRS is an institutional plaintiff that bought its Bear Stearns stock in the open market. It was not employed by Bear Stearns. It was not party to any incentive, equity compensation plans or receive stock that was subject to a deferral period culminating in a settlement date permitting sale of the stock at some time well after the settlement. Accordingly,

it is beyond dispute that SMRS is not a member of the Bransbourg Class, has no right to represent these most unique claims and the Bransbourg Action should not be consolidated.

> **B.      Members Of The Bransbourg Class Must Confront
> Unique Issues That SMRS Has No Motivation To Litigate
> Thus Creating Irreconcilable Conflicts**

Courts are required to insure that independent classes with potential conflicts are protected by subdivision and separate representation. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999); *Amchem Prods. V. Windsor*, 521 U.S. 591, 626-27 (1997). Moreover, differences between an approved lead plaintiff and class members may render a lead plaintiff inadequate "'where those differences create conflicts between the [lead plaintiff] and the class members' interests.'" *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (citation omitted). Even a cursory review of the Bransbourg Action vis-à-vis the Common Stock Purchaser Actions reveal obvious conflicts between class members' interest, necessitating separate representation of the Bransbourg Class.

> **1.      The Bransbourg Class May Be Subject To
> Unique Defenses Concerning Reliance**

Consolidation of the actions and appointing SMRS lead plaintiff violates the PSLRA's requirement that the presumptive lead plaintiff's claims are typical of the claims of the Bransbourg Class. A district court must consider the proposed lead plaintiffs' ability "to take an active role in and control the litigation," which includes consideration of whether the representative is informed about the legal and factual issues of the case. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 485 (5th Cir. 2001) ("Class action lawsuits are intended to serve as a vehicle for capable, committed advocates to pursue the goals of the class members through counsel, not for capable, committed counsel to pursue their own goals through those class members").

Typicality is shown by demonstrating that "each class member's claim arises from the same course of conduct and each class member make similar legal arguments to prove the defendants' liability." *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295-96 (E.D.N.Y. 1998) (*quoting In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992)). Here, the Bransbourg Class must be represented by a plaintiff, like Mr. Bransbourg, who can confront the unique issues and defenses that will arise during the litigation. SMRS' claims on behalf of its prototypical fraud on the market class are not confronted with these problems. *See infra.* Accordingly, SMRS is an inadequate representative for the Bransbourg Class.

For example, SMRS represents open market purchasers who claim they were damaged by a fraud on the market *i.e.* false statements regarding Bear Stearns that artificially inflated its stock price. It is unnecessary for SMRS to prove individual reliance on particular misrepresentations or omissions as long as the materiality of the alleged nondisclosure is established. *Koenig v. Benson,* 117 F.R.D. 330, 335 (E.D.N.Y. 1987). Thus, the Common Stock Purchaser Actions are not subject to defenses related to reliance; rather they are afforded a valuable and nearly irrefutable presumption.

Since members of the Bransbourg Class are not open market purchasers, they are likely to confront defendants' argument that they are required to prove individual reliance because they received securities through private issuances. While Mr. Bransbourg does not concede the merits of this defense, it is nonetheless reasonable to anticipate that this defense, as well as others, will be interposed and have to be addressed by the Bransbourg Class.

Importantly, SMRS has no interest in the resolution of these issues and, thus, no motivation to zealously protect the interests of the Bransbourg Class.[2] Class members' interests, as a consequence, will undoubtedly conflict as "questions of individual reliance may place the materiality of the alleged misrepresentations into doubt." *Koenig*, 117 F.R.D. at 336. *Cf. Epstein v. American Reserve Corp.*, No. 79 C 4767, 1988 WL 40500, at *3 (N.D. Ill. Apr. 21, 1988) (citations omitted) ("'[W]here it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative.' The presence of such an arguably, unique defense will vitiate typicality only if it is 'inapplicable to the remainder of the class and threatens to become a primary issue in the litigation'"). Indeed, the Bransbourg Class will have to overcome a series of novel defenses, including whether it has a claim under Section 10(b) of the Exchange Act (which it believes it does). Moreover, it may have to tackle questions concerning whether it is a "purchaser" under Section 10(b) and the concomitant case law. This conflict alone renders SMRS inadequate to represent the interests of the Bransbourg Class.

### 2. The Bransbourg Class' Claims Are Not Fully Covered By The Claims Asserted By Common Stock Purchaser Actions

The claims in the Bransbourg Action are far different from those asserted by the Common Stock Purchasers Actions even though the same course of conduct gave rise to both sets of litigation.

Mr. Bransbourg's claims are on behalf of a putative class of present and former employees of Bear Stearns, who acquired their equity interests in Bear Stearns through restricted

---

[2] There is already reason to doubt SMRS' inclination to zealously protect those interests due to its counsel's prior refusal to assume a fiduciary obligation to the Bransbourg Class.

stock issuances in lieu of cash compensation. On the other hand, SMRS seeks to represent a class of open market purchasers of Bear Stearns stock. Indeed, the class proffered by the Common Stock Purchaser Actions may well exclude the members of the Bransbourg Class. Proof of Mr. Bransbourg's claims will require a careful analysis of the stock issuance plans. These plans contain many provisions concerning eligibility, vesting, and participation. SMRS does not have to address these issues. In fact, they are simply not part of its case. Accordingly, SMRS is not a member of the Bransbourg Class and thus unable to prosecute claims for which it lacks standing.

### 3.    Damage Calculations May Differ Significantly

Apart from the obvious differences between the classes, Bransbourg's claims will require unique forms of proof and must overcome hurdles that the SMSR plaintiff need not address to prove its claims. For example, the measurement and calculation of damages in the Bransbourg Action are vastly different from those alleged in the Common Stock Purchaser Actions. Members of the Bransbourg Class, as vested holders of RSUs and CAP Units, do not hold free and clear title to Bear Stearns stock. Rather, their ownership interests are contractually limited in the following ways:

> (i) Their ownership interests did not convert to shares of Bear Stearns until the end of a specified deferral period (*see* Nespole Decl., Exhibit B, §§ 5.2, 5.4; Exhibit C, §§ 4.2, 5.6, 6.1 ); and

> (ii) Only at the end of the deferral period, when those interests were settled by the delivery of an equivalent number of shares of Bear Stearns common stock, did they become alienable (*id.,* Exhibit B, § 5.7; Exhibit C, § 11.4).

The claims of the Bransbourg Class are therefore different from those interposed in the Common Stock Purchaser Actions. The claims relate to vested rights in securities obtained as partial payment for their employment and their participation in the Bear Stearns equity

compensation plans, and *not* open market purchases of Bear Stearns stock. Moreover, until the RSUs and/or CAP Units settle, the Bransbourg Class remains unable to alienate their Bear Stearns stock.

Most importantly, it is possible that SMRS could take the position that the Bransbourg Class are, in part, the wrongdoers. Thus, members of the Bransbourg Class, in the opinion of SMRS, may owe the members of the Common Stock Purchasers Action damages directly. While differences in damage calculation among different securities of an issuer accused of fraud might be resolved by expert testimony, it is almost impossible to imagine how to reconcile SMRS' likely position that members of the Bransbourg Class (the class it seeks to "protect"), actually owe other members of the class damages. Indeed, allowing SMRS to serve as lead plaintiff over a consolidated action may well give rise to cross-claims among class members.

### 4.    Defendants Are Already Trying To Pit The Bransbourg Class' Interests Against Those Of The Common Stock Purchasers Action

Defendant Bear Stearns acknowledges that the claims in the Bransbourg Action are different from those in the Common Stock Purchaser Actions and will try to use this to its advantage. On May 29, 2008, Bear Stearns purportedly delivered a letter ("Letter") and agreement and release ("Release") to the members of the Bransbourg Class, on behalf of itself and JPMorgan Chase & Co. ("JPMorgan"), seeking to obtain the release of all claims related to their employment with the Company, and agreement not to participate or opt in any class or collective action against the Company in which they could be participants. *See* Nespole Decl., Exhibit D (Letter and Release). In exchange for executing the Release and compromising their claims, the Company offered to grant Bransbourg Class members accelerated vesting and/or

distribution of their outstanding Restricted Stock Unit and/or CAP Unit awards upon conversion of the same to JPMorgan share units.[3]

There is no reason to believe that SMRS has good cause to evaluate the propriety and fairness of JPMorgan's request.  For the reasons stated above, the request may compromise the Bransbourg Class' claims for an unfair amount.  Nevertheless, recognizing that the elimination of the problem posed by the Bransbourg Class, SMRS may take no steps to ascertain whether it should question this offer or pursue additional claims based on it.  Indeed, July 15, 2008, has passed and SMRS has stated nothing about whether it believes the offered Release is appropriate for the members of the Bransbourg Class (who it seeks to represent) to accept or to reject.  Mr. Bransbourg, however, has sent his counsel the relevant materials and they are presently considering various options.  Indeed, it is unlikely the SMRS even knows that the members of the Bransbourg Class were confronted with this release and its counsel is addressing the issues.

## III.    LEAD PLAINTIFF MOTIONS ON THE BRANSBOURG ACTION ARE NEITHER UNTIMELY, NOR RIPE FOR ADJUDICATION

The Bransbourg Action was commenced on June 2, 2008.  *See* Nespole Decl., Exhibit A. Counsel published a press release announcing the filing of Bransbourg Action on June 20, 2008 over a nationally recognized newswire pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). Accordingly, a lead plaintiff motion must be filed no later than August 19, 2008.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(II); *see also* Exhibit E.  Thus, SMRS is wrong that any lead plaintiff motion by Bransbourg or others on behalf of his "subclass" is untimely.  Indeed, the date for the filing of the motion is a month away.

---

[3] The Letter represents that the accompanying Release was to be returned to the Company on or before July 15, 2008.

## CONCLUSION

For the reasons set forth above, the motion to consolidate the Bransbourg Action with the Common Stock Purchaser Actions should be denied.  Alternatively, the Bransbourg Action could be coordinated with Common Stock Purchasers Actions and counsel for each class could confer and agree to a litigation plan and schedule that would avoid duplication and promote efficiency.

Dated: New York, New York
       July 18, 2008

                                  WOLF HALDENSTEIN ADLER
                                  FREEMAN & HERZ LLP

By: _____
                                  Daniel W. Krasner (DK 6381)
                                  Gregory M. Nespole (GN 6820)
                                  Malcolm T. Brown (MB 3272)
                                  270 Madison Avenue
                                  New York, New York 10016
                                  (212) 545-4600

                                  *Attorneys for Plaintiffs*

/515305